```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


SANTIAGO PENA and MINERVA PENA,   §
                                  §
     Plaintiffs,                  §
                                  §
v.                                §   CIVIL ACTION NO. 4:10-CV-3497
                                  §
NATIONWIDE PROPERTY AND           §
CASUALTY INSURANCE COMPANY,       §
                                  §
     Defendant.                   §
```

**ORDER**

Pending is Defendant Nationwide Property & Casualty Insurance Company's ("Nationwide") Motion for Partial Dismissal (Document No. 23) of Plaintiffs' First Amended Complaint.[1] Plaintiffs Santiago and Minerva Pena allege breach of contract, violations of the Texas Insurance Code, fraud, and breach of the duty of good faith and fair dealing against Nationwide.[2] Nationwide seeks dismissal of all claims except the breach of contract claim under Federal Rule of Civil Procedure 12(b)(6), asserting they are improperly pled under Rules 8 and 9(b).[3]

---

[1] Plaintiffs' First Amended Complaint is attached to their Motion for Leave to File Plaintiffs' First Amended Complaint at Document No. 20, ex. A, which motion for leave the Court granted in the April 15, 2011 Scheduling Conference. Document No. 21 (Minute Entry).

[2] Document No. 20, ex. A at 6-10.

[3] Document No. 23 at 2.

The Court conditionally granted Nationwide's previous Motion for Partial Dismissal due to Plaintiffs' failure to plead facts sufficient to comply with Rules 8 and 9(b),[4] but permitted Plaintiffs to amend their complaint. Plaintiffs did so, adding some new allegations to the "Facts" section in their First Amended Complaint.[5]

As Nationwide points out, Plaintiffs once again fail to plead the circumstances supporting their fraud claims with the requisite particularity. *See* FED. R. CIV. P. 9(b); Williams v. WMX Techs., Inc., 112 F.3d 175, 177 (5th Cir. 1997) (requiring a plaintiff pleading fraud, pursuant to Rule 9(b), to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent"). Plaintiffs hinge their fraud claim upon a single alleged misrepresentation in a letter from Nationwide to Plaintiffs in which Nationwide states that its damage estimate "represents the amount to restore your damaged property to its pre-loss condition," and "was prepared using reasonable and customary prices for your geographic area."[6] Plaintiffs do not assert a single fact to support the allegation that Nationwide knowingly misrepresented the value of the damages, or why or in what particulars the statement

---

[4] Document No. 15 at 3 (Order Dated December 27, 2010).

[5] *See* Document No. 20, ex. A at 2.

[6] Document No. 20, ex. A at 3.

was false, or when the statement was allegedly made, or whether or how Plaintiffs relied upon or were injured by the alleged misrepresentation. *See* Carter v. Nationwide Prop. & Cas. Ins. Co., No. H-11-561, 2011 WL 2193385, at *2 (S.D. Tex. June 6, 2011) (Rosenthal, J.) (finding fraud pleading insufficient where the plaintiff did not explain why Nationwide's statement that estimate was "prepared using reasonable and customary prices for your geographic area" was false); Hart v. Nationwide Prop. & Cas. Ins. Co., No. H-10-2558, 2011 WL 2210034 at *3, 6 (S.D. Tex. May 5, 2011) (holding that Nationwide's statement in its letter to the insured was not an actionable misrepresentation).

Additionally, various of Plaintiffs' other extra-contractual claims again fail to meet Rule 8's standard.[7]  While Rule 8 "does not require 'detailed factual allegations,'" it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

---

[7] Although Defendants assert that the Rule 9(b) standard applies to all of Plaintiffs' extra-contractual claims, "Rule 9(b)'s stringent pleading requirements should not be extended to causes of actions not enumerated therein." Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc., 115 F. App'x 662, 668 (5th Cir. 2004) (unpublished op.) (citing, *inter alia*, Swierkiewicz v. Sorema N.A., 122 S. Ct. 992, 998 (2002)). Plaintiffs' Texas Insurance Code claims, however, do not rely on Nationwide's alleged misrepresentation that estimates are "prepared using reasonable and customary prices for your geographic area," which formed the basis for Plaintiffs' putative fraud claim, nor is fraud an element of Plaintiffs' Texas Insurance Code claims. Accordingly, the Court considers only the other alleged facts in determining whether Plaintiffs' extra-contractual claims (other than fraud) meet Rule 8's requirements.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)).  Thus, a complaint must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Id. (quoting Twombly, 127 S. Ct. at 1965).

Plaintiffs' claims under sections 541.060(a)(4), 542.055, and 542.056 of the Insurance Code fail to meet this standard.  These statutory provisions impose liability for the insurer's failure timely to perform the following actions: acknowledge receipt of a claim, commence investigation, and request any information needed from the insured;[8] affirm or deny coverage;[9] and notify the insured of acceptance or rejection of a claim, with an explanation.[10]  The First Amended Complaint alleges insufficient facts to state a cause of action under these statutory sections.  Plaintiffs allege only that Hurricane Ike struck Houston on September 12-13, 2008, that Plaintiffs reported damages, and that Nationwide's assigned adjuster inspected Plaintiffs' property on October 7, 2008, which was within fewer than four weeks after the hurricane struck.[11]  At an unspecified time thereafter, Nationwide paid $584.08 to cover

---

[8] TEX. INS. CODE ANN. § 542.055.

[9] Id. § 541.060(a)(4).

[10] Id. § 542.056.

[11] Document No. 20, ex. A at 2-3.

Plaintiffs' claim, which presumably was determined after allowance for whatever deductible applied.[12]  The remainder of the allegations respecting these causes of action are mere conclusions.  There are no factual allegations specifically as to when Plaintiffs submitted their claim, when and whether they submitted information necessary to process the claim, when Nationwide made its payment, what damages the payment was for, and what explanation Nationwide did or did not provide with the payment.  *See* <u>Luna v. Nationwide Prop. & Cas. Ins. Co.</u>, --- F. Supp. 2d ---, 2011 WL 2565354, at *5 (S.D. Tex. June 27, 2011) (finding that a substantially similar complaint failed to meet Rule 8's pleading standard for extra-contractual insurance code claims where the complaint failed to provide "any example of an undervalued or denied claim," had "vague and ambiguous assertions of unfair settlement practices," and failed "to specify what was unreasonable delay in payment").

Additionally, Plaintiffs' allegation of a violation of section 541.060(a)(1) of the Insurance Code--for the unfair settlement practice of misrepresenting "a material fact or policy provision relating to coverage"--is insufficiently pled.  Plaintiffs assert two acts of "deceptive conduct" that it asserts are the equivalent to misrepresentations: Nationwide's failure to conduct a reasonable investigation and its failure to provide an adequate explanation

---

[12] *See* <u>id.</u>, ex. A at 4.

for its coverage determination.[13]  Plaintiffs do not allege any facts showing the deceptive nature of this conduct, nor do they explain how such conduct is "deceptive," nor what it misrepresented.  *Cf.* SHS Inv. v. Nationwide Mut. Ins. Co., --- F. Supp. 2d ---, 2011 WL 2551036, at *4 & n.10 (S.D. Tex. June 27, 2011) (addressing similar allegations that "misrepresentations were unspoken" and "made via conduct in the claims handling process," and asking, "What conduct by Nationwide misrepresented what?").

Plaintiffs do allege, however, that they

> reported damage to their roof, fence, windows, shed, structure and some interior damages.  Plaintiffs also reported the need to purchase a generator after the storm, the food they lost, and the tree debris.  The adjuster spent an insufficient amount of time inspecting the entire property, and did not inspect the interior of the insured residence for the reported damages.  Plaintiffs received the adjuster's estimate; it failed to include all of the damages the adjuster was made aware upon his inspection.[14]

While these allegations still contain conclusory statements applicable to all insurance cases (such as the vague assertion that the adjuster's estimate "failed to include all of the damages"), there is sufficient detail--such as the averment that the adjuster failed to examine the home's interior to observe reported interior

---

[13] Document No. 20, ex. A at 7.

[14] Document No. 20, ex. A at 3.

6

damage--to pass muster under Rule 8's liberal pleading standard to state a cause of action for the unfair settlement practice of refusing to pay a claim "without conducting a reasonable investigation with respect to the claim." TEX. INS. CODE ANN. §§ 541.151, 541.060(a)(7).

These factual allegations therefore also suffice to state a claim for breach of the duty of good faith and fair dealing, and for the unfair settlement practice of "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear." Id. § 541.060(a)(2)(A); Universe Life Ins. Co. v. Giles, 950 S.W.2d 48, 56 n.5 (Tex. 1997) ("[W]e reaffirm that an insurance company may also breach its duty of good faith and fair dealing by failing to reasonably investigate a claim."); *see also* Progressive Cnty. Mut. Ins. Co. v. Boyd, 177 S.W.3d 919, 922 (Tex. 2005) (holding that the "common-law bad-faith standard is the same as the statutory standard" in the Insurance Code and Deceptive Trade Practices Act). Furthermore, the allegedly unreasonable investigation could give rise to the inference that any findings derived from that investigation, and hence Defendant's explanation of coverage, was not reasonable, thereby alleging a violation of 541.060(a)(3). *See* Russell v. State Farm Lloyds, No. CIV.A.3:01-CV-1305-D, 2001 WL 1326501, at *3 (N.D. Tex. Oct. 15, 2001) (finding that if the complaint's

assertions that a claims adjuster disregarded evidence and failed fully and properly to investigate the claim were assumed true, they would "indicate that [the adjuster] failed 'to provide promptly to a policyholder a *reasonable* explanation . . . for the insurer's denial of a claim or for the offer of a compromise settlement of a claim'" (quoting former article 21.21, section 4(10)(a)(iv) of the Insurance Code, predecessor to section 541.060(a)(3)) (emphasis in original)); *cf.* Mid-Continent Cas. Co. v. Eland Energy, Inc., --- F. Supp. 2d ---, 2011 WL 2417158, at *31 (N.D. Tex. June 14, 2011) ("[T]he trier of fact can look to the insurer's diligence in other respects to determine whether the insurer gave a reasonable explanation . . . ." (citing Russell, 2001 WL 1326501, at *3)).

   Finally, because Plaintiffs have "sufficiently alleged that [their] claims were wrongfully rejected," they have stated a claim for the failure promptly to pay under section 542.058 of the Insurance Code. Encompass Office Solutions, Inc. v. Ingenix, Inc., --- F. Supp. 2d ---, 2011 WL 1229737, at *17 (E.D. Tex. March 31, 2011).  Section 542.058 requires only that the insurer wrongfully deny coverage, which could therefore subject it to the penalties for failure promptly to pay.  *See* United Servs. Auto. Ass'n v. Croft, 175 S.W.3d 457, 474 (Tex. App.--Dallas 2005, no pet.) ("When an insurance company denies a claim, it runs the risk that its decision may be wrong and subject it to liability [for failure promptly to pay].")).

In sum, the following of Plaintiffs' claims survive the motion to dismiss: (1) breach of the duty of good faith and fair dealing; (2) the unfair settlement practices alleged under Insurance Code sections 541.060(a)(2)-(3) and (7); and (3) the prompt payment claim alleged under Insurance Code section 542.058.  The claims of fraud and violations of sections 541.060(a)(1) & (4), 542.055, and 542.056 of the Insurance Code will be dismissed.  Accordingly, it is

ORDERED that Defendant Nationwide Property & Casualty Insurance Company's Motion for Partial Dismissal (Document No. 23) is GRANTED IN PART, and Plaintiffs' claims alleging fraud and violations of Texas Insurance Code sections 541.060(a)(1) & (4), 542.055, and 542.056 are all DISMISSED WITH PREJUDICE.  FED. R. CIV. P. 12(b)(6).  The motion is otherwise denied.

By Order signed December 27, 2010, the Court conditionally granted Defendant Nationwide's previous motion to dismiss all claims except Plaintiffs' breach of contract claim, but allowed Plaintiffs an opportunity to file an amended complaint "alleging such claims with the particularity required by Rules 8 and 9(b)."  Plaintiffs thereafter filed their First Amended Complaint and appear to have done their best to state non-contractual claims, some of which survive.  Plaintiffs have therefore had ample opportunity to plead their non-contractual claims and no further

9

leave to amend is warranted. *See* <u>Herrmann Holdings Ltd. v. Lucent Techs. Inc.</u>, 302 F.3d 552, 566-67 (5th Cir. 2002).

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this 1st day of September, 2011.

                                              EWING WERLEIN, JR.
                                    UNITED STATES DISTRICT JUDGE